UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES REEDER,                )
                               )
            Petitioner,        )
                               )
    v.                         )    No. 4:14 CV 450 SNLJ / DDN
                               )
CHRIS KOSTER,                  )
                               )
            Respondent.        )

## REPORT AND RECOMMENDATION

This action is before the court upon the petition of Missouri state prisoner Charles Reeder for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the denial of the petition for a writ of habeas corpus.

## I. BACKGROUND

On March 13, 2008, petitioner Charles Reeder pled guilty by way of blind plea[1] in the Circuit Court of the City of Saint Louis to three counts of stealing by deceit, a class C felony. (Resp't Ex. A at 19–23); No. 22041-03038A-1. Following the guilty plea colloquy and the acceptance of the plea, the court proceeded to sentencing. (Resp't Ex. A at 22–23.) Both the prosecution and the defense presented sentencing factors, including those that would classify petitioner as a prior and persistent offender, allowing for an increase in the sentencing range. (*Id.* at 22–24.) The court imposed a sentence of ten years on the first count, to which petitioner objected, "You told me I would get five

---

[1] A blind plea is one where the defendant pleads guilty understanding that the judge may sentence him to the full range of punishment on each charge. *Everett v. Purkett*, No. 4:06 CV 1012-DJS-AGF, 2009 WL 2488130, at *2 (E.D. Mo. Aug. 12, 2009).

years." (*Id.* at 24.) The court stopped the sentencing proceeding at that time and placed petitioner back on the trial docket at his request. (*Id.* at 24.)

The prosecution thereafter moved to return the case to the sentencing division to complete sentencing and to advise petitioner of his post-conviction rights. (*Id.*) The court granted the motion and completed sentencing on April 11, 2008. (*Id.* at 27.) No objections to sentencing were raised at that time. (*Id.*) The court sentenced petitioner to concurrent terms of ten years' imprisonment on each count. (*Id.*) The petitioner was then incarcerated in Missouri. (*Id.* at 37.)

On May 14, 2008, petitioner sought post-conviction relief under Missouri Supreme Court Rule 24.035 and requested an evidentiary hearing. (Resp't Ex. A at 37–50.) On March 26, 2009, the Circuit Court denied both the evidentiary hearing request and the motion for post-conviction relief. (*Id.* at 53, 56); PCR No. 0822-CC01991. On May 14, 2010, Petitioner appealed the circuit court's decision to the Missouri Court of Appeals. (Resp't Ex. D at 1.) On December 29, 2010, the Missouri Court of Appeals affirmed the circuit court. (Resp't Ex. D at 9); Appeal No. ED93723. Review by the Missouri Supreme Court was not sought.

On September 6, 2011, petitioner filed a petition for a writ of habeas corpus under Missouri Supreme Court Rule 91.01 in the Circuit Court of St. Francois County. The petition was denied on February 7, 2012. (ECF No. 17, Ex. E-H); *Reeder v. Villmer*, Case No. 11SF-CC00223.[2] In May 2012, according to petitioner, he was transferred to the state of Mississippi. (ECF No. 19 at 1–2.) According to petitioner, he was transferred back to Missouri in April 2013 and released on parole on May 29, 2013. (*Id.*) Thereafter, he was remanded back into the custody of the state of Mississippi, where he is currently incarcerated. (*Id.* at 2; Resp't Ex. K at 1.) On August 28, 2013, petitioner filed a second state petition for a writ of habeas corpus, which the Missouri Court of Appeals denied on August 30, 2013. (Resp't Exs. K and L); *Reeder v. Dormire*, Case No.

---

[2] The undersigned takes judicial notice from Case.net, http://www.courts.mo.gov/casenet.

ED100364.³ Petitioner filed a third state petition for habeas corpus on October 21, 2013, in the Missouri Supreme Court, which was denied on November 26, 2013. (Resp't Exs. M and N); *Reeder v. Dormire*, No. SC93740.⁴

On March 10, 2014, petitioner filed the instant petition for a writ of habeas corpus in this court under 28 U.S.C. § 2254. (ECF No. 1.)

The Circuit Court of the City of St. Louis found the following facts during petitioner's post-conviction relief motion for ineffective assistance of counsel:

> Petitioner was represented at plea and sentencing by Mr. Dramon Foster and later Mr. Robert Taaffe. Petitioner had authorized his attorney to withdraw his not guilty pleas and enter a blind plea of guilty to all charges. The court found the petitioner understood the charges, was aware of the range of punishment on the charges, and understood the sentencing recommendation by the State was ten years and that he was pleading blind. Petitioner acknowledged and understood the rights he was giving up by pleading guilty. Petitioner stated he was pleading guilty voluntarily and no promises were made in order for him to plead guilty.
>
> Petitioner admitted the facts constituting the offense, as described by the Assistant Circuit Attorney, were true and correct. Petitioner testified he was not under a doctor's care for any condition, was not taking any prescription medication, and was not under the influence of any medication, drugs, or alcohol at the time of the pleas. He stated he had never been treated for any mental disease or defect and did not suffer from any health problem impairing his understanding of the hearing. The transcript of the guilty plea also shows that petitioner understood the proceedings and was voluntarily entering his pleas. Prior to the sentencing petitioner testified that he had talked to his attorney about witnesses he would have called for trial, defenses to the charges, and that overall he was satisfied with the services of his attorney.

(Resp't Ex. A at 51–52.)

The Circuit Court of St. Francois County, in denying petitioner's first state habeas petition, found the following facts:

---

³ *See* Case.net, http://www.courts.mo.gov/casenet/.
⁴ *See* Case.net, http://www.courts.mo.gov/casenet/.

Petitioner testified that no threats or promises were made to get him to plead guilty; he understood that the State was recommending a sentence of 10 years in prison, and he understood that the court could sentence him to more or less than 10 years in prison. The court accepted the petitioner's guilty plea and found him guilty. The court sentenced petitioner to 10 years in prison on count 1. The following exchange then occurred:

MR. REEDER: You told me I would get five concurrent with the remaining sentences.
THE COURT: Mr. Foster, does he want to go to trial? Is that what we're dealing with?
[REEDER]: Yeah.
MR. FOSTER: Sounds like he does.
THE COURT: If counsel will approach.
(Counsel approached the bench for an off-the-record discussion)
MR. MICHAELS: I understand, your Honor.
THE COURT: He says counsel made him a promise.
[MR. REEDER]: Yeah.
THE COURT: Okay.

. . .

MR. FOSTER: Yes, your Honor. Mr. Reeder still wants to proceed to trial.
THE COURT: He wants to go to trial?
MR. FOSTER: That's correct.
THE COURT: All right. That's fine.

Four days after the plea hearing, petitioner was returned to the sentencing court upon the State's "Motion to Return Cause to Sentencing Division for Advisement of Defendant's Post-Conviction Rights and Remand to Department of Corrections." At this second hearing the court sentenced petitioner to two concurrent terms of ten years on counts two and three as the court noted the petitioner had already been sentenced on count one. The plea court then placed plea counsel, Mr. Foster, under oath, and asked him: "Mr. Foster, did you promise defendant that he would receive five years?" Mr. Foster replied "No, I did not, your Honor."

(Resp't Ex. H at 1–2.)

## II. PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF

Petitioner alleges one ground for relief, that the sentencing judge lacked the jurisdiction or authority to sentence him in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States. (ECF No. 1 at 6–7.)

-4-

Respondent makes three arguments why the petition should be denied. First, Reeder's petition is untimely. (ECF No. 17 at 3–4.) Second, petitioner defaulted on this claim by failing to raise it in his post-conviction relief motion as required by Missouri law. (*Id.*) Finally, petitioner's claim is not a cognizable claim under federal habeas corpus law, because it involves a state procedural matter and state courts have found that petitioner's guilty plea was never properly withdrawn. (*Id.*) Petitioner replied arguing that his circumstances qualify for equitable tolling, and that this substantive claim was raised below. (ECF No. 19.)

## III. STATUTE OF LIMITATIONS AND EQUITABLE TOLLING

To obtain federal habeas relief, state prisoners must file their habeas petitions within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On April 11, 2008, the trial court sentenced petitioner after finding him guilty via a blind plea.[5] Petitioner had ten days to file a direct appeal, but he did not. (Resp't Ex. A at 40, 48.) Therefore, the decision was final on April 21, 2008, and the federal one-year limitations period began to run. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).

On May 14, 2008, under Missouri Supreme Court Rule 24.035, petitioner filed a motion for post-conviction relief ("PCR"), which was subsequently amended by his counsel. (Resp't Ex. A at 37–50.) This petition was timely. *See* Mo. Sup. Ct. R. 24.035(b) (providing that, if no direct appeal is filed, petitioner has 180 days from his delivery to the department of corrections to file a motion). Twenty-three un-tolled days had passed between finalization of his conviction and his first PCR motion. On March 26, 2009, the St. Louis Circuit Court denied both the evidentiary hearing request and the motion for post-conviction relief. (*Id.* at 53, 56); PCR No. 0822-CC01991.

Petitioner waited one year and forty-seven days to appeal the circuit court decision. During this time, no post-conviction or collateral review of petitioner's conviction was pending. Accordingly, the federal limitations period expired on March 3, 2010 (one year following the denial of petitioner's PCR motion, accounting for the twenty-three un-tolled days that had passed before he had filed the motion). State judicial actions, here the appeal of his PCR motion and all state habeas petitions, were filed after the federal deadline lapsed and did not affect the federal deadline. *See Penton v. Russell*, 2014 No. 4:13 CV 554 HEA, 2014 WL 2095223 at *3 (E.D. Mo. May 20, 2014) (*citing Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam)).

On May 14, 2010, petitioner appealed the state circuit court's decision to the Missouri Court of Appeals. The Missouri Court of Appeals denied relief on December 29, 2010. (Resp't Ex. D.) Petitioner had fifteen days to apply for a transfer of the denial of relief to the Missouri Supreme Court, but he did not. Mo. Sup. Ct. R. 83.02.

---

[5] *See* Case.net, http://www.courts.mo.gov/casenet/.

On September 7, 2011, two hundred thirty-seven days after the conclusion of his state post-conviction relief proceedings, petitioner filed his first state habeas petition. (Resp't Ex. E.) The first habeas petition was denied on February 7, 2012, and became final thirty days after judgment on March 8, 2012, which is the time limit to file for reconsideration. (Resp't Ex. H); Mo. Sup. Ct. R. 81.05.

The proper method to seek most habeas relief from a higher court is to file a new petition in the proper Court of Appeals. *Blackmon v. Mo. Bd. of Prob. & Parole*, 97 S.W.3d 458, 458 (Mo. 2003) (en banc) (per curium). On November 2, 2012, petitioner improperly attempted to file an appeal of the denial of his habeas petition in the Missouri Court of Appeals. (Resp't Ex. I.) As stated above, the time to file a federal habeas petition is tolled only during the pendency of state post-conviction or collateral review; therefore, this time is not tolled. *See* 28 U.S.C. § 2244(d)(2); *Marx v. Gammon*, 234 F.3d 356, 357 (8th Cir. 2000). Petitioner properly filed a second state petition for a writ of habeas corpus on August 28, 2013, which was denied on August 30, 2013. (Resp't Exs. K and L.) A third state petition for a writ of habeas corpus was filed in the Missouri Supreme Court on October 21, 2013, and was denied on November 26, 2013. (Resp't Exs. M and N.)

Petitioner commenced this federal habeas petition on March 10, 2014, three years and ninety-eight days late. Accordingly, the federal statute of limitations bars federal habeas relief.

There are situations where equitable tolling of the federal limitations period should be applied. The two questions a court must consider when evaluating equitable tolling are: 1) whether petitioner pursued his rights diligently; and, 2) whether there are extraordinary circumstances that prevented petitioner from filing his federal petition timely. *Holland v. Florida*, 560 U.S. 631, 649 (2010). This, however, is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The Supreme Court has defined diligence as "reasonable diligence" not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations omitted). A petitioner must continue to attempt to ascertain what is happening with his state action or risk not meeting due

diligence standards. *Compare Muhammad v. United States*, 735 F.3d 812, 815–16 (8th Cir. 2013) (finding no reasonable diligence when counsel working on habeas petition failed to communicate with petitioner and petitioner did not contact the court directly to inquire), *and Melancon v. Kaylo*, 259 F.3d 401, 407–08 (5th Cir. 2001) (finding that although the state's error in setting the wrong return date for his petition could be an extraordinary circumstance, the petitioner's delay in filing meant he did not pursue his petition with due diligence), *with Holland v. Florida*, 560 U.S. 631, 653 (2010) (holding petitioner had acted with reasonable diligence when he wrote his attorney numerous letters requesting information; repeatedly contacted state courts, state court clerks, and the state bar association in an attempt to have his attorney removed from the case; and prepared his own habeas petition and filed it on the same day he discovered he was out of time).

Whether there are extraordinary circumstances that warrant equitable tolling is a separate inquiry. The Eighth Circuit has held that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitation period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *Muhammed*, 735 F.3d at 815–17 (holding segregation in the Special Housing Unit for five months with limited legal resources not an extraordinary circumstance warranting equitable tolling). Furthermore, absent additional difficulties or state misconduct, transfers within and between prisons as well as other conditions unique to prison life do not constitute extraordinary circumstances. *See, e.g., Finch v. Miller*, 491 F.3d 424 (8th Cir. 2007) (finding lack of access to prison law library not an extraordinary circumstance); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003) (same); *United States v. Brittain*, 41 F. App'x 246 (10th Cir. 2002) (finding numerous prison transfers not an extraordinary circumstance); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (finding a mail delay between prisons not an extraordinary circumstance).

Equitable tolling is not appropriate in the present case. Petitioner filed a reply to the show cause response arguing equitable tolling should be applied.[6] First, considering whether petitioner pursued his rights diligently, the undersigned finds he did not. Petitioner's conviction was final on April 21, 2008. Petitioner's time for a federal habeas petition expired during the time he was filing post-conviction relief motions. He failed to appeal the first PCR denial for one-year and forty-seven days; therefore, his time to file a federal habeas petition expired on March 3, 2010. On December 29, 2010, the Missouri Court of Appeals filed its order denying petitioner's request for post-conviction relief. (Resp't Ex. D.) Petitioner waited another two hundred fifty-two days to file his first state habeas petition on September 7, 2011. (Resp't Ex. H.) The petitioner did not properly file his second state habeas petition until five hundred thirty-eight days after the first writ's denial on August 28, 2013. (Resp't Exs. K and L.) Thus, petitioner did not diligently pursue his rights.

Secondly, there are no extraordinary circumstances that warrant equitable tolling. Petitioner first argues that his transfers between the states of Missouri and Mississippi prevented him from filing his federal habeas petition timely. Normal issues associated with prison life are not considered extraordinary. A prisoner being transferred between two jurisdictions, even between states, is part of normal prison life when there is a pending charge elsewhere. Furthermore, using the petitioner's own timeline in his reply brief, he was not transferred to Mississippi until May 2012 (ECF No. 19), after the federal statutory deadline had passed due to his failure to file timely an appeal of his PCR motion.

Petitioner's second argument is that he misunderstood the one year statute of limitations for federal habeas claims. A petitioner's lack of legal knowledge or confusion regarding the law is not an extraordinary circumstance. Even a pro se petitioner's

---

[6] Although petitioner does not use the exact words "equitable tolling" in his reply, he has provided the court with the reasons his application for a writ of habeas corpus was filed after the one-year statute of limitations. This court should construe a pro se petitioner's claims liberally and not hold them to the same standard as lawyers. *See Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010).

miscalculations about the limitation period have been held by the Eighth Circuit to be inadequate to apply equitable tolling. *See Shoemate*, 390 F.3d at 597–98. Neither the transfer of petitioner between states nor the petitioner's confusion about the statute of limitations is sufficiently extraordinary to warrant equitable tolling.

## IV.  EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court. *See* 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Given the limitation periods under Missouri law for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper procedure for litigating his federal habeas claims now remains available to petitioner. *See* Mo. Sup. Ct. R. 29.15(b) (requiring PCR motion to be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; or, if no appeal is filed, within 180 days from the date the person is delivered to the Department of Corrections); Mo. Sup. Ct. R. 81.04(a) (providing 10 days to file a notice of appeal after circuit court judgment is final). The Missouri Supreme Court has also stated "if a petitioner fails to raise a claim for relief that could have been asserted in an appeal or in a post-conviction motion, the petitioner normally is barred from raising the claim in a subsequent petition for writ of habeas corpus." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516 (Mo. 2010) (en banc).

Subsequent state habeas relief is barred on these unraised claims unless the petitioner demonstrates:

> (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural defect was caused by something external to the defense— that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage.

*Id.* at 516–17.

The court in *Zinna* ruled that when a sentencing court imposes a sentence in excess of what it is authorized to do, a writ of habeas corpus is the appropriate method for redress. *Id.* at 517.

Proper exhaustion of a federal ground for relief requires a petitioner to provide the state courts with a fair opportunity to decide that ground. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so, because he has defaulted on the legitimate requirements of the otherwise available procedures, any such ground for federal habeas relief is barred from being considered by the federal courts. *See Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011); *King v. Kemna*, 266 F.3d 816, 821–22 (8th Cir. 2001) (en banc); *Sweet v. Delo*, 125 F.3d 1144, 1149–50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a state circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court).

The only federal habeas ground petitioner alleges is that the sentencing court lacked jurisdiction to sentence him. This was not presented to the state circuit court during post-conviction proceedings. (Resp't Ex. A.) Therefore, the Court of Appeals summarily denied his appeal on this issue without consideration on the merits. (Resp't Ex. D.) However, during his first Rule 91 state habeas petition, the Circuit Court of St. Francois County noted petitioner's failure to raise this claim of jurisdiction before the circuit court but then reached the merits of the claim by reviewing the jurisdiction of the sentencing court.[7] (Resp't Ex. H at 2.)

The state courts have had a fair opportunity to decide the substance of the claim now before this court, and therefore, the undersigned has considered the petitioner's federal ground on its merits.

---

[7] It appears that the Circuit Court of St. Francis County reached the merits of the case despite the possible procedural bar by invoking the "jurisdictional defect" exception in *State ex. rel Zinna v. Steele*, 301 S.W.3d 501, 516 (Mo. 2010) (en banc). (ECF No. 17, Ex. H at 3.)

# V. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (per curiam) (citations omitted). This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–3 (2011) (citations omitted). A state court's decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler*, 559 U.S. at 47.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S at 293.

# VI. DISCUSSION

In the only ground before this court, petitioner argues that the sentencing court did not have jurisdiction to sentence him. Petitioner argues once he indicated a desire to withdraw his guilty plea and go to trial, jurisdiction was removed. Therefore, he argues the sentencing violated the Fifth, Sixth, Eighth, and Fourteenth Amendments.

Matters of a state court's jurisdiction are not cognizable under federal habeas law. *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994)). Jurisdiction is often couched in an argument regarding violation of due process rights, but in order to reach the due process violation "the court must first determine that the sentencing court has no jurisdiction. This is not, however, a determination for the federal courts when the question of jurisdiction is one of valid state law only." *Id.*

Under what circumstances a defendant may withdraw his guilty plea is a state procedural matter. "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254). A federal court may not re-examine a state court's interpretation and application of state law. *Wilson*, 562 U.S. at 5. Additionally, federal courts defer to the state courts' decisions regarding "any claim that was adjudicated on the merits in State court proceedings." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting 28 U.S.C. § 2254). Missouri only allows for the withdrawal of a guilty plea after sentencing if there is a "manifest injustice."

> Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Mo. Sup. Ct. R. 29.07(d).

Whether or not petitioner could withdraw his guilty plea after sentencing had begun requires the interpretation of what is a "manifest injustice." This is a matter left to the discretion of the trial or sentencing court. *See State v. York*, 252 S.W.3d 245, 249

(Mo. Ct. App. 2008); *State v. Ralston*, 39 S.W.3d 546, 548–49 (Mo. Ct. App. 2001); *accord United States v. Smith*, 422 F.3d 715, 723–24 (8th Cir. 2005).

Petitioner argues that his attorney misled him to believe that a five-year sentence would be imposed on each crime. (Resp't Ex. H at 1–2.) The sentencing court, however, questioned the petitioner's first attorney under oath and found he did not promise the petitioner anything to induce petitioner to plead guilty. (*Id.*) Therefore, the St. Francois County Circuit Court found during petitioner's first state habeas petition that "there can be no manifest injustice where, as in the present matter, plea counsel never promised a movant in the first place that he would receive a particular sentence." (Resp't Ex. C at 19.) This court should defer to the determination by the state court.

Accordingly, the undersigned concludes that the determination that petitioner's guilty plea was not withdrawn is not contrary to or involved an unreasonable application of federal law. Nor is it a result of an unreasonable determination of the facts based on the evidence presented in state court.

## VII. RECOMMENDATION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petition of Charles Reeder for a writ of habeas corpus (ECF No. 1) be denied.

The parties are advised that they have 14 days to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

    /S/   David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 8, 2016.